# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUE YANG, | CV F  05-1262 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS AN D MOTION FOR MODIFICATION OF BRIEFING SCHEDULE |
| v. | |
| D.L. RUNNELS, Warden, et.al., | [Docs. 16, 17] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND HISTORY

Petitioner is in state custody pursuant to a judgment rendered in the Superior Court of the State of California, County of Fresno, following a jury trial conviction for first degree murder (Cal. Penal Code[1] § 187); eleven counts of attempted murder (§§ 187/664); auto theft (Cal. Veh. Code § 10851, subd. (a)); and street terrorism (§ 186.22).  The jury also found true numerous criminal street gang enhancements (§ 186.22, subd. (b)(1), various firearm enhancements (§§ 12022.55; 12022.5, subd (a)); that Petitioner intended to either inflict great bodily injury or death pursuant to (§§ 190, subd. (c); and 190.2, subd. (a)); and that he personally inflicted great bodily injury (§ 12022.7).  Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life, plus nine consecutive life terms, and an aggregate determinate term of fifty-nine

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

years on the enhancements.  (Lodged Docs. 1-2.)

Petitioner timely filed a notice of appeal.  On March 2, 2001, the California Court of Appeal, Fifth Appellate District, issued its opinion in case number F030545 wherein it reversed one of the attempted murder convictions for insufficient evidence and, due to finding that the trial court failed to independently re-weigh the evidence, vacated the trial court's ruling denying Petitioner's motion for a new trial and remanded the matter for a limited rehearing on the motion in accordance with the opinion.  (Lodged Doc. 2.)

Petitioner filed a petition for review with the California Supreme Court.  (Lodged Doc. 3.)  The petition was denied on June 20, 2001.  (Lodged Doc. 4.)

On July 13, 2001, the Fresno County Superior Court, in compliance with the Court of Appeal's opinion, reversed one of the attempted murder convictions, denied the motion for a new trial, and reinstated the judgment imposed on March 20, 1998.  (Lodged Doc. 5.)

Petitioner did not file any state post-conviction collateral challenges to his conviction.

On August 22, 2005, Petitioner filed the instant federal petition for writ of habeas corpus.

On March 8, 2006, Respondent filed the instant motion to dismiss.  Respondent simultaneously filed a motion for modification of the briefing schedule.  Petitioner filed an opposition to both Respondent's motion to dismiss and motion for modification of the briefing schedule on April 5, 2006.

In his motion for modification of the briefing schedule, Respondent states that in the beginning of February 2006, counsel began preparation of a motion to dismiss based on untimeliness and the failure to exhaust state remedies**.**  "However, when setting forth the background information of the motion to dismiss, [he] became aware of the fact that the California Court of Appeal, Fifth Appellate District had remanded the matter for reconsideration of Petitioner's motion for a new trial.  Not knowing whether the remand would have an effect on the date finality of direct review occurred, [he] immediately began efforts to obtain from the Fresno County Superior Court a copy of documentation indicating what occurred upon remand.  With follow-up, [he] did not receive the last documentation [he] had requested from the Fresno County Superior Court until this date."  (Motion, at 1-2.)

Petitioner opposes the modification of the scheduling order on the ground that it is untimely pursuant to the Court's December 9, 2005, order.

Petitioner is correct that Respondent's motion to dismiss was untimely filed. Although Respondent has sought an extension of the deadline for filing the motion to dismiss, Respondent did so after the deadline had expired and simultaneously to filing the untimely motion. Nonetheless, the Court finds that Respondent has established good cause for the extension; however, Respondent is advised and cautioned that future extensions of time should be filed prior the deadlines expiration, as the procedure utilized by Respondent in this case is viewed unfavorably by the Court. See Local Rule 6-144(d). Based on the foregoing, Respondent's request to extend the deadline for filing a motion to dismiss is granted, and the instant motion is deemed timely filed pursuant to the Court's December 9, 2005, order.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on March 20, 1998. The California Supreme Court denied Petitioner's petition for review on June 20, 2001.[2] Thus, direct review became final on September 18, 2001, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the

---

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3] See Sup. Ct. R. 13(1)

4

period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from September 18, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)  Therefore, the statute was set to expire on September 18, 2002.  Petitioner did not file the instant petition until August 22, 2005.

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[4]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

Petitioner's direct review became final on September 18, 2001, and Petitioner did not file any collateral state habeas corpus petitions.  Therefore, the statute of limitations expired on

---

[4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

5

September 18, 2002, and absent grounds for equitable tolling, the instant petition is time-barred.

D.    Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In his opposition to the instant motion, Petitioner contends that when the California Supreme Court denied his petition for review on June 20, 2001, further review would have been futile because the court failed to consider the issues on the merits. It appears that Petitioner further contends that when the state court reversed one count of attempted murder and failed to correct the sentence, he waited for the state court to modify his sentence and was not informed and did not know how to pursue further avenues. Petitioner further contends that there is no time limitation on an action to vacate an unauthorized sentence.

Petitioner's contentions are meritless and do not support a basis for equitable tolling. A court's prior decisions adverse to Petitioner's position is not sufficient grounds for excusing exhaustion. Engle v. Issac, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1981) (he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim); Nolte v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993) (finding that futility may no longer be a viable defense to exhaustion). Accordingly, there are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights. Petitioner's contention that he was ignorant of the law and of his requirement to exhaust the state

6

court remedies, is too without merit. The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See e.g. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); See also Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). The Court notes that four years past, after the trial court issued its decision, on remand, before Petitioner filed the instant petition in this Court. Nothing but Petitioner's lack of diligence can account for this prolonged period of time. Certainly, Petitioner was not prevented in some extraordinary way from diligently pursuing his claims. Lastly, Petitioner's contention that there is no time limitation to correct an unauthorized sentence, is without merit, as the statute of limitations to filing a federal habeas corpus petition is not claim specific. Because Petitioner has failed to present any viable grounds for equitable tolling, nor has Petitioner offered facts which would give rise to one of the conditions that would establish a later start of the statute - - removal of state impediments, retroactive new rules, or newly discovered factual predicate, the instant petition is untimely and must be dismissed, with prejudice.

E.      Exhaustion

Respondent argues, in the alternative, that Petitioner has failed to exhaust all of the claims raised in the instant petition, resulting in the instant petition being a "mixed" petition containing both exhausted and unexhausted claims.

A petitioner who is in state custody and wishes to collaterally challenge her conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that she was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

As Respondent correctly submits, Petitioner raises the following claims in the instant

8

federal petition: 1) there was insufficient evidence to sustain several attempted murder convictions; 2) instructional error concerning California Jury Instruction, Criminal 8.65; 3) the sentence on count 13 should have been stayed pursuant to section 654; 4) the prosecutor wrongfully admitted Petitioner's statements and prior bad acts evidence and failed to show he harbored a specific intent to kill persons in the home other than Chang Her and Touhar Fang; 5) the trial court erred when it refused to bifurcate the trial of the gang allegations from the murder and attempted murder charges; 6) cumulative effect of errors were prejudicial; 7) ineffective assistance of trial counsel for failing to object to the trial court's imposition of the aggravated term and during closing argument; and 8) the sentence of 89 years to life is a violation of state and federal law and constitutes cruel and unusual punishment. With respect to the first claim, Petitioner also contends that inadmissible evidence tainted the jury. With respect to the other claims, Petitioner also raises sub-arguments, which the Court does not reiterate, as Respondent does not contend that they are unexhausted.

      Turning to the only filing in the California Supreme Court - the petition for review filed in case number S096715, Petitioner has not sufficiently exhausted all of the claims raised in the instant petition. More specifically, the petition for review sufficiently exhausted, in part, grounds one and seven, and grounds two through six in their entirety. It did not, however, raise ground eight of the instant petition or the sub-argument contained in ground one, that inadmissible evidence tainted the jury. Further, with regard to ground seven, Petitioner argued in the petition for review that trial counsel provided ineffective assistance for failing to object to the trial court's imposition of the aggravated term, the first basis of the seventh federal ground. As Respondent correctly argues, although the petition filed with the California Supreme Court raises, inter alia, ineffective assistance of trial counsel it does not specifically do so on the basis that counsel failed to object to the prosecution's uncontrollable and excessive force during closing arguments nor did it claim that trial counsel lessened the prosecutor's burden and floundered in explaining the presumption of innocence. Therefore, these two claims of ineffective assistance of trial counsel are unexhausted as they were never raised to the highest state court. <u>Carriger v. Lewis</u>, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc); <u>Pappageorge v. Sumner</u>, 688 F.2d 1294 (9th Cir. 1982).

Petitioner cannot fault appellate counsel for failing to raise the instant claims in the petition for review filed before the California Supreme Court.  Petitioner, himself, was able to file a state petition for writ of habeas corpus, and beyond his mere ignorance of the law, there is no indication that he was unable to do so; therefore, Petitioner's failure to do so has resulted in the instant petition being a "mixed" petition, subject to dismissal.  That Petitioner was ignorant of the law and of his requirement to exhaust all claims prior to raising them before this Court, is not grounds for excusing the exhaustion requirement.

Based on the foregoing, the petition for writ of habeas corpus currently before this Court is a mixed petition containing exhausted and unexhausted claims.  Ordinarily, the Court would provide Petitioner the opportunity to amend the federal petition to delete the unexhausted claims or face dismissal of the entire petition.  Because the instant petition must be dismissed for violation of the limitations period, the dismissal will be with prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	Respondent's motion to dismiss be GRANTED;

2.	The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

3.	The Clerk of Court be DIRECTED to close this action in its entirety.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

1   The parties are advised that failure to file objections within the specified time may waive
2   the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   IT IS SO ORDERED.

5   **Dated:   April 27, 2006**                    **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE